# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## Case No. 18-20396-Civ-COOKE/GOODMAN

ENRIQUE MADRINAN,

    Plaintiff,

vs.

CITY OF MIAMI BEACH,

    Defendant.

_____/

## ORDER DENYING PLAINTIFF'S MOTIONS

THIS MATTER is before me on Plaintiff's Re-filing of Its [*sic*] Motion for Clarification of Omnibus Order on Motion (ECF No. 47) and Plaintiff's Motion to Vacate the Omnibus Order (ECF No. 49). Both of Plaintiff's motions are fully briefed and ripe for review. For the reasons set forth herein, both motions are denied.

## I. BACKGROUND

Plaintiff filed a three-count complaint on January 31, 2018, alleging that certain parking spaces operated by the City of Miami were in violation of the Americans with Disabilities Act ("ADA") (count one), the Florida Americans with Disabilities Accessibility Implementation Act ("FADAI") (count two), and section 504 of the Rehabilitation Act of 1973 (count three). ECF No. 1. On February 13, 2018, Plaintiff filed an amended complaint, changing the defendant to the City of Miami Beach and making the same allegations about a different set of parking spaces. ECF No. 8.[1]

Counts one and two of the amended complaint sought injunctive relief under the ADA and FADAI, respectively, while count three sought both injunctive relief and monetary damages under the Rehabilitation Act. *Id.* at pp. 9–10, 13–14.

Defendant City of Miami Beach filed a motion to dismiss the amended complaint on April 10, 2018. ECF No. 23. Plaintiff failed to respond to the motion within the timeframe allowed by the local rules, requiring the Court to order Plaintiff to show cause why the motion should not be granted. ECF No. 26. Plaintiff responded to the Court's order by stating that his counsel had been

---

[1] That Plaintiff intended to sue the City of Miami Beach from the beginning, but simply filed the wrong complaint, is clear from the original civil cover sheet and summons. ECF Nos. 1-1, 1-2.

"on vacation . . . and was thus unaware" that the motion was pending. ECF No. 27, at p. 2. Plaintiff then waited until the new deadline set by the Court before responding to the motion. ECF No. 28.

The Court held a hearing on the motion to dismiss on June 8, 2018. ECF No. 44. At the hearing, Defendant informed the Court that all of the parking spaces complained of in the amended complaint had been "fixed . . . voluntarily." *Id.* at p. 5.[2] Defendant therefore argued that Plaintiff's "claims for injunctive relief"—that is, counts one and two, and part of count three— had been rendered moot. *Id.* As for the remaining "claim for damages under the Rehabilitation Act," contained in count three, Defendant argued that Plaintiff had failed to set forth allegations satisfying the heightened standard for such a claim. *Id.* at pp. 5–8, 24.

At the conclusion of the hearing, the Court found that all of the parking spaces at issue had "already [been] fixed," and it therefore granted Defendant's motion to dismiss "for purposes of the injunctive relief." *Id.* at pp. 27–28. The Court stated, however, that Plaintiff would be given 30 days to "place forward evidence" that he was "entitled to compensatory damages" under the Rehabilitation Act. *Id.* at p. 28. Plaintiff's counsel expressed no confusion about the Court's ruling, merely stating "Thank you, Your Honor" when asked if there was "[a]nything further." *Id.* at pp. 28–29.

On June 20, 2018, the Court placed its rulings in a written omnibus order. ECF No. 43. The order stated that, "[f]or the reasons stated at the Motions Hearing," Defendant's motion to dismiss was granted, the amended complaint was dismissed, and the case was closed. *Id.* The order stated, however, that "Plaintiff ha[d] until July 9, 2018"—30 days from the date of the hearing—"to file an amended complaint with factual support *solely* as it relate[d] to damages under Section 504 of the Rehabilitation Act." *Id.*

Plaintiff never filed the amended complaint allowed for by the Court's order. Instead, Plaintiff waited until the July 9 deadline before filing a motion for clarification, ECF No. 45, admitting that his reason for not acting more promptly was that "Plaintiff's counsel [had been] out of the office for a wedding." ECF No. 47, at p. 1 n.1. After the motion was denied for failure

---

[2] The day before the hearing, Plaintiff filed a motion for leave to file a second amended complaint. ECF No. 41. The proposed second amended complaint would have added one more parking space to those listed in the amended complaint. ECF No. 41-1, at p. 5; *see also* ECF No. 44, at p. 11. Defendant made clear at the hearing that this additional parking space, like all the others, had already been "remedied." ECF No. 44, at pp. 5–6, 12–13. Plaintiff's motion for leave to file the second amended complaint was denied at the hearing. *Id.* at p. 28; *see also* ECF No. 43.

to comply with the local rules, ECF No. 46, Plaintiff refiled it. ECF No. 47.

In the motion, Plaintiff "request[ed] clarification as to exactly what the Court want[ed] submitted in regard to Count III for damages." *Id.* at p. 3. Specifically, Plaintiff asked "whether the First Amended Complaint was completely dismissed including Count III for damages . . . , and whether the Court would like Plaintiff to submit a memorandum of law to accompany an additional amended complaint solely relating to damages under Section 504 of the Rehabilitation Act." *Id.*

Plaintiff's motion for clarification was followed the next day by a "Motion to Vacate the Omnibus Order . . . pursuant to Rule 60(b)(4) of the Federal Rule [*sic*] of Civil Procedure." ECF No. 49, at p. 1. Whereas one day earlier Plaintiff had asked "whether the First Amended Complaint was completely dismissed," ECF No. 47, at p. 3, Plaintiff now appeared to recognize that the Court had indeed "dismiss[ed] the Complaint as a whole (including the Rehabilitation Act Count \*\*\*) [*sic*]." ECF No. 49, at p. 2. Plaintiff argued that the dismissal of the amended complaint was "inherently flawed as a matter of law," and that the ruling should therefore be vacated. *Id.*

## II. DISCUSSION

In its omnibus order, the Court unambiguously granted Defendant's motion to dismiss, it dismissed Plaintiff's amended complaint, and it closed the case. ECF No. 43. The Court explained, moreover, that it was doing so "[f]or the reasons stated at the Motions Hearing." *Id.* At the motions hearing, Defendant had argued, and the Court had found, that all of the parking spaces complained of in the amended complaint had "already [been] fixed." ECF No. 44, at pp. 5, 27–28. As a result, Plaintiff's claims for "injunctive relief"—counts one and two, and part of count three—had to be dismissed as moot. *Id.*

Defendant had also argued at the hearing that count three of the amended complaint did not sufficiently state a "claim for damages under the Rehabilitation Act." *Id.* at pp. 5–8, 24. The Court agreed with Defendant on that point, too, but it allowed Plaintiff 30 days to remedy the problem. *Id.* at p. 28. In line with that ruling, the Court's omnibus order clearly stated that "Plaintiff ha[d] until July 9, 2018"—30 days from the date of the hearing—"to file an amended complaint with factual support *solely* as it relate[d] to damages under Section 504 of the Rehabilitation Act." *Id.*

In short, the Court's ruling—stated at the hearing and restated in the omnibus order—was

that Plaintiff's claims for injunctive relief were dismissed with prejudice, his claim for damages under the Rehabilitation Act was dismissed without prejudice, and Plaintiff had 30 days to file an amended complaint relating to the latter claim. There is no other reasonable reading of the record, and thus there is no need for clarification.

Even if Plaintiff thought the Court's ruling was unclear, however, he had several courses of action available to him. For example, Plaintiff's counsel could have spoken up at the hearing, or he could have moved for clarification at any point *before* the 30-day deadline for filing a new amended complaint. Instead, Plaintiff waited until the deadline to file his motion for clarification, and he did not file a new amended complaint at all.

Plaintiff's motion to vacate is equally problematic. Quite apart from the manifold typing and formatting errors, missing legal citations, and counsel's notes to himself to "(Insert Text from transcript)"—all of which can be found on a single page, ECF No. 49, at p. 3—the motion does not set forth valid grounds for relief under Rule 59(e) or Rule 60(b). The motion merely presents a variety of arguments that Plaintiff already raised, or should have raised, in his response to Defendant's motion to dismiss, or during the hearing on that motion. A motion under Rule 59(e) or Rule 60(b) is not a proper vehicle for such arguments. *See Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010) ("A motion for reconsideration cannot be used 'to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.'" (quoting *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005))).

Accordingly, it is hereby **ORDERED and ADJUDGED** as follows:

1. Plaintiff's Re-filing of Its Motion for Clarification of Omnibus Order on Motion (ECF No. 47) is **DENIED**.
2. Plaintiff's Motion to Vacate the Omnibus Order (ECF No. 49) is **DENIED**.
3. Because Plaintiff did not file an amended complaint within the timeframe set in the Court's omnibus order (ECF No. 43), this case shall remain **CLOSED**.

**DONE and ORDERED** in Chambers, in Miami, Florida, this 28th day of February 2019.

*[signature]*

MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Jonathan Goodman, U.S. Magistrate Judge*
*Counsel of record*